14-CV-5442

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Salon Blush, LLC and Alanna Ralph

**DEFENDANTS**

Blush Salon and Angel Stranieri

14   5442

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
A. Jordan Rushie - Mulvihill & Rushie LLC
2424 E York Street, Suite 316, Philadelphia, PA 19125
215-385-5291

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

◻ 1   U.S. Government
Plaintiff

✖ 3   Federal Question
*(U.S. Government Not a Party)*

◻ 2   U.S. Government
Defendant

◻ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - Product Liability | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 400 State Reapportionment |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | ◻ 367 Health Care/ | | | ◻ 410 Antitrust |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ◻ 430 Banks and Banking |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | ◻ 330 Federal Employers' Liability | Product Liability | | ◻ 820 Copyrights | ◻ 450 Commerce |
| ◻ 151 Medicare Act | ◻ 340 Marine | ◻ 368 Asbestos Personal Injury Product Liability | | ◻ 830 Patent | ◻ 460 Deportation |
| ◻ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ◻ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ✖ 840 Trademark | ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 370 Other Fraud | ◻ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 371 Truth in Lending | ◻ 720 Labor/Management Relations | ◻ 861 HIA (1395ff) | ◻ 490 Cable/Sat TV |
| ◻ 190 Other Contract | ◻ 360 Other Personal Injury | ◻ 380 Other Personal Property Damage | ◻ 740 Railway Labor Act | ◻ 862 Black Lung (923) | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 195 Contract Product Liability | ◻ 362 Personal Injury - Medical Malpractice | ◻ 385 Property Damage Product Liability | ◻ 751 Family and Medical Leave Act | ◻ 863 DIWC/DIWW (405(g)) | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | | | ◻ 790 Other Labor Litigation | ◻ 864 SSID Title XVI | ◻ 891 Agricultural Acts |
| | | | ◻ 791 Employee Retirement Income Security Act | ◻ 865 RSI (405(g)) | ◻ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ◻ 895 Freedom of Information Act |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ◻ 896 Arbitration |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | | ◻ 870 Taxes (U.S. Plaintiff or Defendant) | ◻ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate Sentence | | ◻ 871 IRS—Third Party 26 USC 7609 | ◻ 950 Constitutionality of State Statutes |
| ◻ 240 Torts to Land | ◻ 443 Housing/ Accommodations | ◻ 530 General | | | |
| ◻ 245 Tort Product Liability | ◻ 445 Amer. w/Disabilities - Employment | ◻ 535 Death Penalty | **IMMIGRATION** | | |
| ◻ 290 All Other Real Property | ◻ 446 Amer. w/Disabilities - Other | **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 448 Education | ◻ 540 Mandamus & Other | ◻ 465 Other Immigration Actions | | |
| | | ◻ 550 Civil Rights | | | |
| | | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

✖ 1 Original Proceeding   ◻ 2 Removed from State Court   ◻ 3 Remanded from Appellate Court   ◻ 4 Reinstated or Reopened   ◻ 5 Transferred from Another District *(specify)*   ◻ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1051 et seq.
Brief description of cause:
The defendant has infringed, and continues to infringe, on plaintiff's trademark

## VII. REQUESTED IN COMPLAINT:

◻ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$500,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ✖ Yes   ◻ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

SEP 1 8 2014

DATE   9/19/14

SIGNATURE OF ATTORNEY OF RECORD

S.T.

**FOR OFFICE USE ONLY**

 **UNITED STATES DISTRICT COURT**   14   5442

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2407 YORK STREET , PHiLADELPHiA PA 19125__

Address of Defendant: __3168 COLONY DRiVE , PLYMOUTH MEETiNG , PA 19462__

Place of Accident, Incident or Transaction: __PHiLADELPHiA , PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☑ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) __trademark__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, __A. Jordan Rushie__, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: __9/18/14__     __A. Jordan Rushie__     __209066__
Attorney-at-Law                           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/18/14__     _____     __209066__
Attorney-at-Law                           Attorney I.D.#

CIV. 609 (5/2012)

SEP 1 8 2014

GAM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Salon Blush

v.

Blush Salon

CIVIL ACTION

NO. 14 5442

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/18/14 | A. Jordan Rushie | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-385-5291 | 215-525-0909 | Jordan@FishtownLaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 1 8 2014





FILED

SEP 1 8 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**In the United States District Court**
**For the Eastern District of Pennsylvania**

| | |
|---|---|
| Salon Blush, LLC, and Alanna Ralph<br><br>*Plaintiffs,*<br><br>v.<br><br>Blush Salon, and Angela Stranieri,<br><br>*Defendants.* | Civil Action No.<br><br>14    5442 |

### Complaint

#### I.    Jurisdiction and Venue

1.  This court has jurisdiction over this civil action pursuant to 15 U.S.C. 1125 section (a) (1) (A) and 15 U.S.C. 1125 section (a) (1) (B)

2.  This court also has jurisdiction to grant injunctive relief in this case pursuant to 15 U.S.C. 1116.

3.  The events giving rise to the instant claims and causes of action occurred in the Counties of Philadelphia, Pennsylvania making the United States District Court for the Eastern District of Pennsylvania the appropriate venue for this action pursuant to 15 U.S.C. 1121 (a). "

#### II.    The Parties

4.  Plaintiff Salon Blush is a state registered and licensed Hair and Makeup Salon located at 2407 York Street, Philadelphia, PA 19125.

5.  Plaintiff Alanna Ralph, is the owner of Salon Blush and a citizen of the Commonwealth of Pennsylvania with her business address located at 2407 York Street, Philadelphia, PA 19125.

*Salon Blush LLC et. al. v. Blush Salon, et. al.*
Complaint

6. Defendant Blush Salon is a Hair Salon located at 6212 Ridge Avenue, Philadelphia, PA 19128.

7. Defendant Angelina Stranieri, is the owner of Salon Blush with her address located at 3168 Colony Drive, Plymouth Meeting, PA 19462.

8. The defendants are being sued individually and in their official capacity.

### III.  Facts

9. Salon Blush is a Hair and Makeup Salon that runs and operates its business in the City of Philadelphia, Pennsylvania. It is a well known and respected Salon in the Philadelphia area.

10. Blush's awards and accolades include:

   · Best Salon In Fishtown 2009 By Star

   · Best Salon In Fishtown 2010 By Star

   · Best Salon In Fishtown 2011 By Star

   · Best Salon In Fishtown 2012 By Star

   · Best Salon In Fishtown 2013 By Star

   · Published in Travel Girl Magazine 2010

   · Best Blowdry 2010 By Image awards Philadelphia weekly

   · Published In Cheesecake Magazine July 2011

   · Published in The Cats Meow Magazine Aug 2011

   · Published in Giuseppina Magazine Oct 2011

   · Won Award from ART.COM for " Indian Horse" 2011

   · Voted Top 10 Best Salon In Philadelphia by Philly Hot List PHL 17 2011

*Salon Blush LLC et. al. v. Blush Salon, et. al.*
Complaint

- Voted Top 10 Best Massage In Philadelphia by Philly Hot List PHL 17 2011

- Voted Finalist Best Photographer In Philadelphia by Philly Hot List PHL 17

- Voted 2nd Runner up Best Facial In Philadelphia by Philly Hot List PHL 17 2011

- Published in MLTS magazine dec 2011

- Philly Hot List Finalist for Best Makeup 2012

- Philly Hot List Top 10 Best Photographer 2012

- Philly Hot List 2nd Runner Up Place Finalist for Best Facial 2012

- Philly hot list 3rd Place Finalist Best Hair color 2012

- Published In Giuseppina Magazine #11 7/2012

- Published in Giuseppina Magazine 11/2012

- Philly Happening BEST HAIR color in Philadelphia 2013

- Philly Happening BEST FACIAL FINALIST 2013

- Philly Happening BEST CUT Finalist 2013

- Philly Happening Happening BEST CUT 2014

- Philly Happening BEST MAKEUP 2014

11. Blush Salon is a Hair Salon that runs and operates its business in the City of Philadelphia, Pennsylvania.

12. Salon Blush and Blush Salon are located 7.52 miles apart.

13. Salon Blush began doing business under its current trade name and at its current location in the year 2006.

14. Blush Salon began doing business under its current trade name and at its current location in the year 2012.

3

*Salon Blush LLC et. al. v. Blush Salon, et. al.*
Complaint

15. Salon Blush's trademark displays the words "Blush" with a Pink script font or a white script font on a Pink background. (Exhibit A)

16. Blush Salon's mark displays the words "blush" with a Pink script font. (Exhibit B)

17. The "l's" contained in both of these script fonts are identical.

18. The similarity between plaintiffs' and defendants' marks are so similar that they have, and will continue to cause confusion among the consuming public as to the origin of the goods and services provided by each.

19. This confusion caused by the similarity of the marks is compounded by the fact that the businesses in question are only separated by a distance of 7.52 miles and by the fact that the products and services rendered by the parties in this case are nearly identical.

20. The defendants in this case are well aware of the existence of Salon Blush and were well aware of its existence prior to opening Blush Salon.

21. The defendants adopted the trade name Blush Salon with the deliberate intent to infringe upon plaintiffs' Salon Blush mark and profit off of the reputation and goodwill developed by Salon Blush.

22. The defendants are well aware of the confusion that has occurred in the market as a result of this infringement.

23. The defendants have received profits as a result of this infringement that they would not have otherwise received or been entitled to.

4

*Salon Blush LLC et. al. v. Blush Salon, et. al.*
Complaint

24. Plaintiff has suffered a loss of control of reputation, loss of trade, and loss of goodwill as a result of the defendants' deliberate trademark infringement in this case.

## IV Causes of Action - Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1051 et seq.

25. The Defendants, in connection with their goods and services, used in commerce Plaintiffs' business' words, terms, name, symbol and/or combinations and likenesses thereof.

26. The Defendants' actions in this regard were deliberate, willful and wanton, were intended to cause confusion and mistake, and were intended to deceive as to the affiliation, connection and association with plaintiff Alanna Ralph's Blush Salon.

27. These same actions have caused confusion and mistake in the marketplace as to Blush Salon's affiliation and association with Salon Blush.

28. The Defendants' actions in this regard have and are likely to continue to result in profits for which the defendants would not otherwise receive or be entitled to.

29. These profits have been generated by misappropriating the valuable reputation and goodwill developed by Salon Blush.

30. The above described actions constitute trademark infringement under Lanham Act, 15 U.S.C. § 1051 et seq.

## V. Relief Requested

· Nominal, Compensatory and Punitive damages against the defendants in an amount in excess of $150,000.00 (Twenty Five Thousand Dollars) under Lanham Act, 15 U.S.C. § 1051 *et seq.*

· A Temporary Restraining Order, Preliminary Injunction and Permanent Injunction preventing the defendants from using

*Salon Blush LLC et. al. v. Blush Salon, et. al.*
Complaint

the words Blush Salon, The likeness of plaintiffs' Salon Blush
logo, or any other similar promotional variations related
hereto, when advertising their hair salon, products or services.

· The destruction of any and all labels, signs, prints, packages, t
shirts, videos digital reproductions or any other tangible or
electronic advertisement or product in the possession of the
defendants and their affiliates that bear the words Blush Sa-
lon, The likeness of Plaintiffs' Salon Blush logo, or any other
similar variations related thereto.

· Statutory damages for any and all of the profits generated by
defendants while infringing upon the Salon Blush mark as
provided in 15 U.S.C. 1117 (a).

· A trial by jury.

· Any and all attorney fees, filing fees, costs or other expenses
related to the filing and litigation of this lawsuit.

· Any other relief plaintiff may be entitled to that is not request-
ed herein.

WHEREFORE, plaintiffs demand judgment in their favor and
against all defendants in an amount exceeding $150,000.00, in-
cluding attorneys fees, court costs, expenses, punitive damages,
and whatever other relief this Court finds just and proper.

Respectfully Submitted,

A. Jordan Rushie
Jordan@FishtownLaw.com
Pa. Id. 209066

6

*Salon Blush LLC et. al. v. Blush Salon, et. al.*
Complaint

Mulvihill & Rushie LLC
2424 East York Street · Suite 316
Philadelphia, PA 19125
215.385.5291

*Attorneys for Salon Blush LLC and Alanna Ralph*

## Verification

I, **Alanna Ralph**, am a member of Salon Blush, LLC. I state that I have personal knowledge of the facts in the Complaint. I verify that the facts set forth in it are true and correct to the best of my knowledge, understanding, and belief. I understand that these statements are subject to penalty of perjury under the laws of the United States of America.

Date:  September 16, 2014                                           By: _____

                                                                                Alanna Ralph

Exhibit A

(Plaintiff's Mark)



Exhibit B

(Defendant's Mark)

blush salon